## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                       Case No. 10-20235

v.

                                       HONORABLE DENISE PAGE HOOD

LEHRUE WILLIAM FREEMAN-PAYNE (D2),

    Defendant.

_____/

## ORDER REGARDING MOTIONS TO WITHDRAW AS COUNSEL
## and FOR APPOINTMENT OF COUNSEL
## and
## ORDER SETTING and RESETTING DATES

        Defendant Lehrue William Freeman-Payne filed a motion for the Court to have his current counsel, Douglas Mullkoff, withdraw from representing him in this matter and to appoint new counsel to represent him during post-judgment motions and sentencing. Freeman-Payne asserts that there has been a complete breakdown in the attorney-client relationship and that his counsel is ineffective.

        Mr. Mullkoff thereafter filed a motion to withdraw from representing Freeman-Payne asserting that based on his client's statements, there has been a complete breakdown in the attorney-client relationship. Mr. Mullkoff did file a Motion for Judgment of Acquittal or for New Trial on behalf of Freeman-Payne on September 26, 2013.

        On August 14, 2013, a jury returned a verdict finding Freeman-Payne guilty of: Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine less than 500 grams of cocaine and Unlawful Use of Communication Facility. The Government's forfeiture allegations against Freeman-Payne was dismissed by the jury.

The Local Rules provide that an attorney making an appearance on behalf of a defendant continues to represent the defendant through an appeal unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich. L.Cr.R. 57.1(a). It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney. *Morriss v. Slappy*, 461 U.S. 1, 14 (1983). A motion for new court appointed counsel based upon defendant's dissatisfaction with his counsel is addressed to the sound discretion of the trial court. *United States v. White*, 451 F.2d 1225 (6th Cir. 1971). The defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." *Id.*

In light of Freeman-Payne's statements that his counsel is ineffective and Mr. Mulkoff's statement that there has been a breakdown in the attorney-client relationship, the Court grants both Motions to Withdraw as counsel. It is noted that Mr. Mullkoff appears to have complied with the appropriate rules and procedures and has filed a post-judgment motion on Freeman-Payne's behalf. It is also noted that Mr. Mullkoff is Freeman-Payne's third counsel and his second court-appointed attorney. The Court also further notes that Freeman-Payne prevailed on the forfeiture claim in the amount of $30,000.00. It is not clear whether Freeman-Payne qualifies for court-appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. The Court, however, grants Freeman-Payne's

Motion to Appoint Counsel and directs new counsel to have Freeman-Payne complete a new application/affidavit if the defense determines one is required.

Accordingly,

IT IS ORDERED that the Motion to Appoint Counsel filed by Defendant Freeman-Payne (**No. 395**) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Withdraw as Counsel filed by Douglas Mullkoff (**Doc. No. 396**) is GRANTED.  Mr. Mullkoff is directed to turn over to new counsel all relevant documents in his possession as soon as new counsel is appointed and to inform new counsel as to the status of the case.

IT IS FURTHER ORDERED that this matter is referred to the Federal Defender to appoint counsel under the Criminal Justice Act.

IT IS FURTHER ORDERED that the following dates govern this matter:

Any response to the Motion for Judgment of Acquittal must be filed by: **December 20, 2013**

Any reply to the response must be filed by: **January 24, 2014**

The Sentencing is rescheduled to: **Thursday, February 27, 2014, 3:00 p.m.**

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  November 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 26, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager