UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                         Case No. 10-20235

    Plaintiff,

                         HON. DENISE PAGE HOOD

v.

**LEHRUE WILLIAM FREEMAN-PAYNE (D-2),**

    Defendant.

_____/

### ORDER DENYING DEFENDANT LEHRUE FREEMAN-PAYNE'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES

On August 13, 2013, a jury found Defendant Lehrue Freeman-Payne guilty of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (less than 500 grams), 21 U.S.C. §§ 841, 846(a)(1) (Count One) and guilty of Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count Two) of the Second Superseding Indictment. (Doc. Nos. 309, 383) On August 14, 2013, the jury found that the currency seized from Defendant's home in Sumpter Township, Michigan was not derived from the drug trafficking violation found in Count One. (Doc. No. 385) On April 22, 2015, an Order denying Freeman-Payne's Motion for Judgment of Acquittal or for New Trial was entered. (Doc. No. 506)

Freeman-Payne was sentenced on June 2, 2015 to concurrent terms of six

months of imprisonment as to Counts 1 and 2, followed by 3 years of supervised release as to Count 1 and 1 year of supervised release as to Count 2, to be served concurrently. The Judgment was entered on June 18, 2015. (Doc. No. 530) On June 16, 2015, prior to the entry of the Judgment, but after the imposition of sentence, Freeman-Payne filed Motions for Appointment of Counsel and for Retroactive Application of Sentencing Guidelines to Drug Offense under 18 U.S.C. § 3582.

In his Motion for Appointment of Counsel, Freeman-Payne indicates "prior counsel may consider himself terminated based on a conflict of interest" and that he prays "the court will grant him appointed counsel." (Doc. No. 527) E.D. Mich. L.Cr.R. 57.1 provides that the Court may grant leave to withdraw counsel from representing a criminal defendant and that such a motion to withdraw must be in writing by defense counsel. E.D. Mich. L.Cr.R. 57.1(a) and (b). Because defense counsel has not filed such a motion to withdraw, nor has the Court entered an order allowing defense counsel to withdraw, Freeman-Payne has no authority to terminate his own counsel. Freeman-Payne's counsel continues to represent him at this time (and through any appeal process unless the Court of Appeals allows counsel to withdraw). The Court denies Freeman-Payne's Motion for Appointment of Counsel.

As to Freeman-Payne's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Drug Offense under 18 U.S.C. § 3582, the Court denies this

motion. This Court previously held that because Freeman-Payne is represented by counsel, the Court will not consider the *pro se* motions and briefs filed by Freeman-Payne, himself. *See,* Orders, Doc. No. 425, 1/30/2015 and Doc. No. 506, 4/22/2015. In addition, at sentencing, the Court reduced Freeman-Payne's offense level by 2 levels, expressly stating it applied the current sentencing guidelines which implemented Amendment 782. U.S.S.G. § 2D1.1(c)(5)(effective Nov. 1, 2014). Freeman-Payne is not entitled to any further reductions of the sentence imposed.

Accordingly,

IT IS ORDERED that Defendant Lehrue William Freeman-Payne's Motion for Appointment of Counsel **(Doc. No. 527)** is DENIED.

IT IS FURTHER ORDERED that Defendant Lehrue Freeman-Payne's Motion for Retroactive Application of Sentencing Guidelines to Drug Offense under 18 U.S.C. § 3582 **(Doc. No. 528)** is DENIED.

Dated: July 10, 2015        S/Denise Page Hood
                            Denise Page Hood
                            United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2015, by electronic and/or ordinary mail.

                            S/LaShawn R. Saulsberry
                            Case Manager