# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                                          Case No. 10-20235

    **Plaintiff,**

                                          HON. DENISE PAGE HOOD

v.

**LEHRUE WILLIAM FREEMAN-PAYNE (D-2),**

    **Defendant.**

_____/

## ORDER DENYING MOTIONS TO EXTEND REPORTING DATE

This matter is before the Court on Defendant Lehrue Freeman-Payne's Motion to Extend Reporting Date to self-surrender for an additional 60 days filed August 31, 2015 and an Emergency Motion to Extend Reporting Date filed September 10, 2015. The Government opposes any further extension to report.

On July 14, 2015, the Court granted Defendant's Emergency Motion to Extend Report Date for 60 days until September 11, 2015 in light of the Sixth Circuit Court of Appeals' expedited briefing schedule even though at sentencing the Court indicated it would not extend Defendant's report date. (Doc. No. 539; Doc. No. 545 Pg ID 4281) The Court's order was based on defense counsel's representation that briefing will be completed by the end of August 2015 and that defense counsel would be able to continue to advise Defendant if he were to remain in Michigan for 60 days.

Defendant's second motion asserts that his appellant brief was filed on August 13, 2015, that the Government filed its appellee brief on August 27, 2015 and that appellant's reply brief is due September 14, 2015. Oral argument is scheduled for October 15, 2015 and Defendant expects the Sixth Circuit to issue an order shortly thereafter. Defendant seeks to self-surrender another 60 days to allow for entry of the Sixth Circuit's order on appeal.

The Government argues that the second request to extend the report date should be denied based on the Court's initial ruling that it would not grant an extension to report. The Government further argues that Defendant does not meet the requirements under the Bail Reform Act of 1984, 18 U.S.C. § 3143, which requires detention pending appeal because Defendant was convicted of an offense under 18 U.S.C. § 3142(f)(1)(C).

Detention pending appeal is governed by 18 U.S.C. § 3143(b) which states:

> (1) Except as provided in paragraph (2), the judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; **and**
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b). 18 U.S.C. § 3142((f)(1)(C) involves crimes under the Controlled Substances Act where the maximum term of imprisonment is ten years or more. The maximum term in Defendant's case is 40 years or more. 21 U.S.C. § 841(b). It is noted that at sentencing, the Government did not move to take Defendant into custody. (Doc. No. 545, Pg ID 4281) However, under § 3143(b)(2) Defendant must be detained pending appeal.

Even if § 3143(b)(2) is inapplicable, the Court finds that there is clear and convincing evidence Defendant will not flee pending appeal, in light of the fact that he has yet to flee and has not shown that he is a danger to the community while

awaiting his sentencing and a ruling on his appeal. However, in light of the Sixth Circuit Court of Appeals affirming this Court's decision issued on September 10, 2015, Defendant cannot now show that his appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment imposed. The Court finds Defendant cannot meet the requirements under § 3143(b) to be placed on bond since a ruling has now been issued by the Sixth Circuit.

As to Defendant's claim that he now requires additional time to prepare to close his businesses and travel to FCI-Allenwood in White Deer, Pennsylvania by September 11, 2015, Defendant raised this same reason in his first Motion to Extend Reporting Date. (Doc. No. 538, Pg ID 4164-65)

Accordingly,

IT IS ORDERED that Defendant Lehrue Freeman-Payne's Second Motion to Extend Reporting Date to Self-Surrender **(Doc. No. 547)** and Emergency Motion to Extend Reporting Date **(Doc. No. 550)** are DENIED.  Defendant must self-surrender to the facility designated by the BOP by **September 11, 2015, 12 noon**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 10, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager